CILENTI & COOPER, PLLC
Justin Cilenti (GC 2321)
Peter H. Cooper (PHC 4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CARLOS JAVIER VILLA and CARLOS MUYULEMA,  :   Case No.
on behalf of themselves and others similarly situated,

                      Plaintiffs,        **COMPLAINT**

    -against-

LEE K OF NY, INC., SOON DEOK KWON, and
KYUNG H. KIM,

                      Defendants.
-------------------------------------------------------------------------X

Plaintiffs, **CARLOS JAVIER VILLA and CARLOS MUYULEMA** (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, LEE K OF NY, INC. (hereinafter "Lee K"), SOON DEOK KWON, and KYUNG H. KIM, (collectively, "the Defendants"), and state as follows:

## INTRODUCTION

1.     Plaintiffs allege that, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

minimum wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked ten (10) or more hours; (4) liquidated pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of Queens County, New York.

6. Upon information and belief, Defendant, Lee K, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 255-12 Northern Boulevard, Little Neck, New York 11362, and which operates a Korean food processing facility at 31-19 Higgins Street (aka 133-05 32nd Avenue), Flushing, New York 11354.

7. Upon information and belief, Defendant, Soon Deok Kwon, is an owner, officer, director and/or managing agent of Lee K, whose address is unknown at this time,

and who participated in the day-to-day operations of Lee K and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Lee K.

8. Upon information and belief, Defendant, Kyung H. Kim, is an owner, officer, director and/or managing agent of Lee K, whose address is unknown at this time, and who participated in the day-to-day operations of Lee K and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Lee K.

9. Defendant, Lee K, is registered to do business, and does business, in New York.

10. At all times relevant to this litigation, Defendant Soon Deok Kwon, was the Plaintiffs' employer within the meaning of the FLSA and the New York Labor Law.

11. At all times relevant to this litigation, Defendant Kyung H. Kim, was the Plaintiffs' employer within the meaning of the FLSA and the New York Labor Law.

12. During their employment with the Defendants, Plaintiffs worked in interstate commerce.

13. Plaintiff, Carlos Javier Villa, has been and remains employed by Defendants in Queens County, New York, to work as a food preparer, packager, and cleaner at Defendants' processing food facility located at 31-19 Higgins Street, Flushing, New York 11354, from in or around August 2010 through the present.

14. Plaintiff, Carlos Muyulema, has been and remains employed by Defendants in Queens County, New York, to work as a food preparer, packager, and cleaner at Defendants' processing food facility located at 31-19 Higgins Street, Flushing, New York 11354, from in or around 2009 through 2010; and October 2012 through the present.

15. At all relevant times, Lee K was, and continues to be, "an enterprise engaged in commerce" within the meaning of the FLSA.

16. At all relevant times, the work performed by Plaintiffs was directly essential to the Korean prepackaged specialty food business owned and operated by Defendants.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned minimum wages and overtime compensation in contravention of the FLSA and New York Labor Law.

18. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

19. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

20. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

## STATEMENT OF FACTS

21. In or about August 2010, Plaintiff, Carlos Javier Villa, was hired by Defendants to work as a food preparer, packager, and cleaner at Defendants Korean food

processing and packaging facility known as "Lee K", located at 31-19 Higgins Street, Flushing, New York 11354.

22. Plaintiff, Carlos Javier Villa, has worked continuously for the Defendants since August 2010, through the present.

23. During Plaintiff Carlos Javier Villa's employment by the Defendants, he has worked over forty (40) hours per week. Plaintiff Carlos Javier Villa generally works six (6) days a week, and his work shift consisted of twelve (12) hours each day.

24. Plaintiff Carlos Javier Villa was not paid proper minimum wages or overtime compensation. Plaintiff Carlos Javier Villa was paid a weekly sum of $500.00, increased to $550.00 per week in 2014, in cash, and worked seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate as required by state and federal law.

25. In or about 2009 during approximately one (1) year; and also commencing in October 2012, through the present, Plaintiff, Carlos Muyulema, was hired by Defendants to work as a food preparer, packager, and cleaner at Defendants' Korean food processing and packaging facility known as "Lee K" located at 31-19 Higgins Street, Flushing, New York 11354.

26. Plaintiff, Carlos Muyulema, has worked continuously for the Defendants since October 2012, through the present.

27. During Plaintiff Carlos Muyulema's employment by the Defendants, he worked over forty (40) hours per week. Plaintiff Carlos Muyulema generally worked six (6) days a week, and his work shift consisted of twelve (12) hours each day.

28. During Plaintiff Carlos Muyulema's employment, he was not paid proper minimum wages or overtime wages. Plaintiff Carlos Muyulema was paid a weekly sum, in cash, of $450.00 in 2009; increased to $480.00 when he returned in 2012; further increased to $500.00 in 2013; further increased to $550.00 in June 2013; and further increased to $600.00 per week in January 2014. He worked approximately seventy-two (72) hours per week. Work performed above forty (40) hours per week was not paid at time and one-half his regular rate as required by state and federal law.

29. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs Carlos Javier Villa and Carlos Muyulema, and other similarly situated employees.

30. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

31. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and other similarly situated employees.

32. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time records.

33. Defendant, Soon Deok Kwon, is an individual who, upon information and belief, owns the stock of Lee K, owns Lee K, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

34. Defendant, Kyung H. Kim, is an individual who, upon information and belief, owns the stock of Lee K, owns Lee K, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

35. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "34" of this Complaint as if fully set forth herein.

36. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

37. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

38. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

39. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

40. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for some or all of the hours he worked.

41. Plaintiffs were entitled to be paid at the rate of time and one-half the statutory minimum for all hours worked in excess of the maximum hours provided for in the FLSA.

42. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

43. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

44. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that failing to do so would financially injury Plaintiffs.

45. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

46. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs are in the possession and custody of the

Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

47. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

48. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

49. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

50. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

51. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. At all relevant times Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

53. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them minimum wages in the lawful amount for hours worked.

54. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates of not less than one and one-half times the

statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

55. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked ten (10) or more hours pursuant to New York State Department of Labor Regulations §§ 137-1.7; 142-2.4.

56. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

57. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "56" of this Complaint as if fully set forth herein.

58. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

59. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

60. Plaintiff was not provided with a true and accurate wage statement as required by law.

61. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiffs, Jose Guallpa and Mariana Ramirez, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An injunction against Lee K, their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

(c) An award of unpaid minimum wages due Plaintiffs under the FLSA and New York Labor Law plus compensatory and liquidated damages, and interest;

(d) An award of unpaid overtime wages due under the FLSA and New York Labor Law;

(e) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(f) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages, minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(g) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

(i) An award of prejudgment and post-judgment interest; and

(j) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 23, 2014

Respectfully submitted,

By: _____
Peter H. Cooper  (PHC 4714)
CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Carlos Javier Villa, am an employee formerly employed by Pinocchio (cook), and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
April 1, 2014

_Carlos Villa_

Sworn to before me this 1st day of April 2014.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20__

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Carlos Muyulema_, am an employee formerly employed by _Pinocchio (Lee k)_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_April 1_, 2014

_____

Sworn to before me this _1st_
day of _April_ 2014.

_____
Notary Public

PETER H. COOPER
Notary Public, State of New York
No. 02CO5059941
Qualified in NEW YORK County
Commission Expires MAY 6, 20_18_